United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-51608
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE E. LIVINGSTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-104-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lance E. Livingston appeals his conviction and sentence for conspiracy to distribute and possess with the intent to distribute methamphetamine and aiding and abetting the distribution of methamphetamine. Livingston argues that the evidence is insufficient to support his conviction and that the district court erred in declining to instruct the jury on the spoliation of evidence.

Livingston's argument challenging the sufficiency of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence does not address the evidence presented on the elements of conspiracy or aiding and abetting. He contends that the evidence did not show that he actually possessed or distributed methamphetamine. Livingston was charged and convicted of conspiracy and aiding and abetting. Thus, the Government was not required to prove that he actually possessed or distributed methamphetamine. See Delagarza-Villarreal, 141 F.3d 133, 140 (5th Cir. 1997). A reasonable trier of fact could have found Livingston guilty of conspiracy to distribute and possess with the intent to distribute and aiding and abetting distribution beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Livingston's challenge to the failure of the district court to instruct the jury on spoliation of evidence is also without merit. The record shows that the Government did not act in bad faith in the loss of the recorded interview of Livingston by Detective Mobley. See United States v. Wise, 221 F.3d 140, 156 (5th Cir. 2000). Accordingly, the judgment of the district court is AFFIRMED.